## STATE v. FRANK PUGLIESE.[1]

May 20, 1921.

No. 22,232.

**Not misconduct of prosecutor to hand witness transcript of his testimony.**

1. On the trial of an indictment the court made an order excluding the state witnesses from the court room until called to testify; prior to the indictment the witnesses had given their testimony before an examining magistrate, which was reduced to writing; subsequent to the order excluding the witnesses from the court room, the prosecuting attorney handed to each of them a transcript of the evidence given before the magistrate, with the suggestion that each read over what he had formerly testified to, for the purpose of refreshing his memory, and each did so; *held* not misconduct on the part of the prosecuting attorney.

**Evidence admissible.**

2. Evidence of two apparently independent crimes, committed by the same person at about the same time, *held* admissible on the trial of an indictment charging one thereof, as tending to connect defendant with the commission of both as a part and parcel of one transaction.

**Verdict sustained by evidence.**

3. The evidence supports the verdict, and there were no errors in the admission or exclusion of evidence nor in the charge to the jury.

[1]Reported in 182 N. W. 958.

Defendant was indicted by the grand jury of Anoka county charged with the crime of grand larceny in the first degree, tried in the district court for that county before Giddings, J., and a jury, and found guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Brady, Robertson & Bonner*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Assistant Attorney General, and *Will A. Blanchard*, County Attorney, for respondent.

BROWN, C. J.

The evidence in this case shows that on the early morning of April 25, 1919, some person or persons broke into a garage in the city of Anoka and stole therefrom an automobile belonging to S. H. De Long; at about the same time the same person or persons burglarized the store of Smith Bros. also in Anoka, and took, stole and carried away about 100 suits of men's clothing; it tends to show that the stolen clothing was placed in the back part of the automobile and thus taken away. The automobile was a Ford sedan, practically new, and was subsequently found in Northeast Minneapolis, where it had been abandoned, at a point about a mile from defendant's residence or place of business.

The evidence further shows that at about half past six o'clock in the morning of the day stated, and no doubt not long after the crime had been committed, a Ford sedan automobile, with the back seat filled with what appeared to be clothing, was driven from Anoka to Minneapolis on the "east river road," passing several workmen engaged in repairing the road some 4 or 5 miles out of Anoka. The automobile was of the kind and make of the one stolen from De Long a few hours before. The workmen took notice of its appearance and the contents thereof and of the driver. They subsequently identified defendant as the person driving the same. The stolen clothing was never found.

Defendant was indicted and on trial convicted of stealing the automobile. As a witness on the trial he denied any connection with the transaction and offered evidence of an alibi, and as showing that he was at his home in Minneapolis at the time the crime was committed. The court denied a new trial and defendant appealed.

The points urged in support of the appeal are: (1) Alleged misconduct of the prosecuting attorney in the conduct of the trial; (2) error in the admission of evidence of another separate and independent crime; (3) that there was error in the charge to the jury; and (4) that the evidence is wholly insufficient to justify the verdict. We consider them in their order.

1. It appears that, after defendant had been arrested and formally charged with the commission of the crime, a preliminary examination was had and the testimony of the witnesses produced by the state taken down and subsequently transcribed by the court reporter. The testimony so taken and transcribed included that of the several highway laborers who identified defendant as the person driving the automobile at the time and place heretofore stated. At the trial on the indictment the court made an order excluding all those witnesses from the court room until called to the stand. The county attorney conducting the prosecution had in his possession a copy of the transcript of the evidence taken on the preliminary hearing, and, after the order excluding the witnesses from the court room, he gave it to each of them to read, to the end that they might refresh their memory on the subject. This is assigned as prejudicial misconduct on the part of the county attorney, for which a new trial should be granted. The contention is not sustained.

There was no discussion between the county attorney and the witnesses, nor between the witnesses, as to what either had formerly testified to, nor discussion of the testimony given by any witness who previously had been called on this trial as to what fact or facts he testified to; all the record shows is that the county attorney furnished the transcript and asked each witness to read over the testimony he formerly gave in the matter. Clearly there was no misconduct in this. It is a matter of common practice, in both civil and criminal cases, where a witness in the cause has testified on a former trial, to read over the testimony then given to refresh his mind on the matters testified to at that time. We are unable to find sound reason for serious criticism of the practice generally, or as applied to the case at bar.

2. The contention that it was error to admit evidence of the theft of the clothing, because a separate and independent crime, is not sound.

The evidence makes it quite clear that both crimes were committed by the same person or persons, and constituted substantially one transaction. The goods had been stolen and it was necessary to get them from the scene of action with all convenient haste; they were too bulky to be carried by hand, the automobile route was the only available method, and the automobile in question was taken and appropriated for the purpose. The evidence comes within the rule applicable to such cases, and as tending to connect the same person with the commission of both crimes as part and parcel of one transaction. State v. Monroe, 142 Minn. 394, 172 N. W. 313; State v. Lyons, 144 Minn. 348, 175 N. W. 689; State v. Fitchette, 88 Minn. 145, 92 N. W. 527; 8 R. C. L. 197.

3. We find no error in the instructions of the trial court. Taken as a whole the charge was a clear and concise statement of the rules of law applicable to the case and free from error. The respects in which defendant insists there was error are not substantial and do not require specific mention or discussion. It is sufficient to say that we have carefully considered the subject with the result stated.

4. The contention that the evidence is insufficient to justify the verdict presents one of the principal questions in the case. It is not sustained. The commission of the crime by some one is conclusively established by the evidence; it is not contended to the contrary. The basis of the claim that the evidence is not sufficient to connect defendant with it as the guilty party is that the testimony identifying him as the driver of the automobile, as heretofore recited, is too unreliable and doubtful of probative force to meet the requirements of the law that guilt be established beyond a reasonable doubt. But we think the evidence brings the case within the rule, at least the question was one of fact for the jury. The witnesses, on whose testimony defendant was connected with the crime, were laborers on the highway taken by the thief on his escape from Anoka. They noticed the kind and character of the automobile, that the back seat thereof was filled with packages of some sort, and looked particularly at the driver. They all testified, apparently without hesitation, that defendant was such driver; they did not waiver in their identification. They picked him out at the jail soon after the crime had been committed, and reiterated their identification again at the trial. If their testimony is worthy of belief, a question

149 M.—9.

for the trial court and jury, the verdict is fully supported. The weight to be given their testimony was also for the jury, and we cannot well say, from the printed record and without the advantages of observation afforded below, that it should be rejected as of no value. And we are content, supported by the approval of the verdict by the learned trial judge, to sustain the conviction as sufficiently supported by competent evidence. A discussion thereof would serve no useful purpose. The showing of an alibi by defendant is quite strong on its face, but the verity of the witnesses, the chance of error as to dates and in other respects, were for the jury, and their conclusion thereon cannot be disturbed.

This covers the case and all that need be said in disposing of the points involved. The evidence supports the verdict, and the record presents no error. The order denying a new trial is therefore affirmed.