## STATE v. JOHN B. DALY.[1]

November 14, 1924.

No. 24,280.

**Identification of accused—alibi—verdict.**
    1. The question of the identification of the defendant as the one committing an assault, and the effect of the testimony in support of an alibi, were for the jury, and the evidence sustains the verdict.

**Grant of new trial question for trial court.**
    2. Whether a new trial should be granted upon the ground of newly discovered evidence was for the trial court.

Upon information of the county attorney defendant was charged with assault, tried in the district court for Olmstead county before Callaghan, J., and a jury which found him guilty as charged in the information. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*William B. Richardson* and *Allen J. Furlow,* for appellant.

*Clifford L. Hilton,* Attorney General; *James E. Markham,* Deputy Attorney General, and *W. W. Smith,* County Attorney, for respondent.

DIBELL, J.

The defendant was convicted of assault upon a young woman and appeals from the order denying his motion for a new trial.

[1]Reported in 200 N. W. 746.

1. The evidence of the woman is that as she was passing a park in Rochester on her way home from work about midnight of July 18, 1923, the defendant accosted her, and upon her refusal to permit him to accompany her took her into the park and there assaulted her. The defendant denies all. The evidence of an assault was sufficient to make a case for the jury. The most insistent claim of the defendant is that the evidence did not identify him as the assailant, and that the evidence shows that he was elsewhere at the time.

The woman, and a witness who came upon them in the park, as he was going to his work at the city electric light plant, identify the defendant. The evidence upon the fact of identification easily made a case for the jury within our decisions. State v. Pugliese, 149 Minn. 126, 182 N. W. 958; State v. Lilja, 155 Minn. 251, 193 N. W. 178; State v. McTague, 158 Minn. 516, 197 N. W. 962.

The plaintiff claims an alibi. We do not disparage such defense. Evidence of it is entitled to fair consideration and may be controlling. Its effect here was for the jury. It was not conclusive in favor of the defendant, and the jury's view of it was against him.

It may be that neither the defendant nor the woman correctly stated all the facts. The woman, if anything occurred between her and the defendant in the park, may have had or thought she had an interest in exaggerating it. It was for the interest of the defendant to deny that anything occurred. The responsibility for the verdict was with the jury. After its rendition a further responsibility rested upon the trial court. In reviewing the case upon the motion for a new trial the court said:

"Now, I am bound on the question of guilty by the verdict of the jury, and there is nothing shown here that appears to me to justify me in setting aside the verdict, and the motion to set aside the verdict and grant a new trial will be denied. I think Jack Daly is guilty. I am just as sorry as anybody that he is up there, but it wasn't for me to pass upon his guilt. It was a question for the jury."

The case does not call for interference by an appellate court.

2. One ground of the motion for a new trial is newly discovered evidence. The principal witness, whose evidence it is now sought to use, was a character witness for the defendant at the trial. The evidence which it is now said that he would give would be of value to the defendant. It did not occur to the witness, when he testified to defendant's good character, to suggest that he was in possession of evidence favorable to the defendant. Besides, the defendant, if the proposed testimony is true, had knowledge of it, and likely would have appreciated that it bore upon his defense. Whether a new trial should be granted upon the ground of newly discovered evidence was for the court. We do not find an abuse of discretion. Order affirmed.